IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VALERIE G. VIERYA,<br><br>    Plaintiff,<br>v.<br><br>SKYWEST AIRLINES, Inc.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:24-cv-00611-AMA-CMR<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

This matter is presently before the Court on Defendant SkyWest, Inc.'s ("SkyWest"), Renewed Motion to Dismiss Complaint ("Motion").[1] The Motion is fully briefed.[2] The Court did not hear oral argument. For the reasons set forth below, the Court denies SkyWest's Motion.

## BACKGROUND

The following factual background is taken from the Complaint.[3] Plaintiff Valerie G. Vierya[4] alleges she was employed as a flight attendant with SkyWest.[5] While staying overnight in a hotel between flights, Ms. Vierya was sexually assaulted.[6] Subsequently, Ms. Vierya took a

---

[1] *See* ECF No. 43.
[2] *See* ECF Nos. 45 & 48.
[3] ECF No. 1.
[4] SkyWest raises a question about the spelling of Plaintiff's surname. *See* ECF No. 43 at 1 n.2. The Court will continue to use the spelling indicated on the docket and in Ms. Vierya's brief until and unless she indicates otherwise.
[5] *Id.* ¶ 6.
[6] *Id.* ¶ 7.

leave of absence due to suffering post-traumatic stress disorder, depression, and anxiety.[7] Ms. Vierya's physician restricted her from working a job that required overnight travel.[8]

Accordingly, Ms. Vierya requested from SkyWest a reassignment to a position that did not require overnight travel, "such as Ramp Agent, Gate Agent, etc."[9] SkyWest responded to Ms. Vierya via email indicating that Simone Christensen, Manager of Employee Relations in the People Department at SkyWest:

> would like to speak with you regarding your request for a new position within Skywest Airlines. SkyWest Airlines will afford you a 30 day timeframe, ending April 3, 2020, to seek out a different position within the Company, if that is still your desire. On April 3, 2020, if you have not secured a new position, separation of employment will take place with eligibility for rehire.[10]

Ms. Vierya applied, unsuccessfully, for jobs with SkyWest in Colorado, Nebraska, Wyoming, and Idaho.[11]  "SkyWest did not assist Ms. Vierya in any effort to reassign her to other positions."[12]

## DISCUSSION

The Court denies SkyWest's Motion because it has not shown that Ms. Vierya's claims are time barred, nor has SkyWest identified any deficiency in the Complaint's allegations. Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if the plaintiff's complaint fails to "state a claim upon which relief can be granted."  In construing a complaint, the Court assumes the truth of any well-pleaded facts and draws all reasonable inferences in the

---

[7] *Id.*
[8] *Id.* ¶ 24.
[9] *Id.* ¶ 9.
[10] *Id.* ¶ 10.
[11] *Id.* ¶¶ 11–13.
[12] *Id.* ¶ 14.

light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With this standard in mind, the Court turns to SkyWest's arguments.

### I. The Court denies SkyWest's Motion insofar as it seeks dismissal based on the statute of limitations because SkyWest has not shown that Idaho's statute of limitations applies to Ms. Vierya's claims

SkyWest first contends Ms. Vierya's claims are barred by Idaho's two-year statute of limitations applicable to tort claims. In doing so, SkyWest cites to cases in which a federal court was required to determine the statute of limitations applicable to state causes of action.[13]

Yet here, Ms. Vierya asserts only a single federal claim under the Rehabilitation Act. "The general rule is that federal choice-of-law principles are used in resolving federal causes of action." *Ellis v. Liberty Life Assurance Co. of Bos.*, 958 F.3d 1271, 1283 (10th Cir. 2020). As SkyWest recognizes, the Tenth Circuit has held that federal courts hearing Rehabilitation Act claims must borrow the statute of limitations applicable to personal-injury claims because such "claims are best characterized as claims for personal injuries." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). Yet, as far as the Court is aware, the District of Utah has consistently borrowed and applied Utah's four-year, personal-injury, statute of limitations to Rehabilitation Act claims. *See, e.g.*, *Celani v. IHC Health Servs., Inc.*, No. 4:22-

---

[13] *See* ECF No. 43 at 4 (citing *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131 (10th Cir. 2009)); *see also Ellis v. Liberty Life Assurance Co. of Bos.*, 958 F.3d 1271, 1283 n.5 (10th Cir. 2020) (noting the difference in a choice-of-law analysis for federal versus state claims); *Unitednet Ltd. v. Tata Commc'ns Am., Inc.*, 112 F.4th 1259, 1266 (10th Cir. 2024) ("a federal court sitting in diversity applies the choice-of-law rules of the forum state").

CV-00066, 2023 WL 6391156, at *3 n.33 (D. Utah Oct. 2, 2023) (applying Utah's four-year statute of limitations to a Rehabilitation Act claim and citing prior cases doing likewise). SkyWest offers no authority to suggest it is proper for this Court to engage in the type of choice-of-law analysis applicable to state causes of action where, as here, the Court is addressing a federal claim, namely a claim under the Rehabilitation Act. The Court is not independently aware of any authority that might allow it to borrow some other state's limitations period and apply that limitations period to a Rehabilitation Act claim. In the absence of such authority, the Court declines to do so and will, absent further enlightenment from the parties, borrow and apply Utah's four-year statute of limitations.[14]

## II. Defendant overlooks facts alleged in support of Ms. Vierya's prima facie case

SkyWest next contends that Ms. Vierya fails to state a claim because she has not alleged facts to show she requested a plausibly reasonable accommodation. To state a claim for failure to accommodate, a plaintiff must allege facts to show she: "(1) is disabled; (2) is 'otherwise

---

[14] Additionally, even SkyWest's proposed choice-of-law analysis fails to show Idaho has the most significant relationship to this case, based on the current record. Although SkyWest has recently become uncertain about where Ms. Vierya lived, *see* ECF No. 43 at 5 (equivocating as to whether Ms. Vierya was "living in Idaho or Wyoming"), the Complaint, and even SkyWest's briefing filed earlier in this case, clearly indicate Ms. Vierya was at all relevant times "a Wyoming resident." ECF No. 8 at 3; ECF No. 24 at 3. Also, at the time of her termination, Ms. Vierya alleges she was communicating with a SkyWest employee who SkyWest asserts was working in Utah (SkyWest's home state). *See* ECF No. 8 at 3 (indicating Simone Christensen "worked at SkyWest's Utah headquarters"). Thus, the Court would decline to apply Idaho's statute of limitations at this time, even if it reached that issue, given Wyoming and Utah's relationship to this case.

Finally, given the Court's conclusion, it declines to address Ms. Vierya's suggestion that the four-year statute of limitations found at 28 U.S.C. § 1658 might apply to her claim because SkyWest has not shown that a limitations period shorter than four years applies here, nor does SkyWest suggest Ms. Vierya's claim is time barred if the Court applies a four-year limitations period.

qualified'; and (3) requested a plausibly reasonable accommodation." *Brown v. Austin*, 13 F.4th 1079, 1084–85 (10th Cir. 2021).  Here, Defendant challenges only the third element.  The Court rejects SkyWest's argument, primarily, because it appears to rely on an incomplete reading of the Complaint.

SkyWest contends that "Ms. Vierya does not allege that her claimed disabilities prevented her from traveling or overnight stays" and that Ms. Vierya does not "allege that her doctor required her requested accommodation."[15]  In making this argument, SkyWest apparently overlooks Paragraph 24 of the Complaint, which alleges, "[SkyWest] failed and refused to honor [Ms. Vierya's] requests for reasonable accommodations consistent with her physician's restrictions, including no overnight travel."[16]  Not only does Ms. Vierya indicate these accommodation requests came as a result of her disabilities, she also alleges that SkyWest "knew and had good reason to know of [Ms. Vierya's] disabilities, the record of her medical conditions, and her need and use of medical leave" because SkyWest "expressly acknowledged receipt of her medical certifications and doctor's notes pertaining to such accommodations."[17]  Accordingly, contrary to SkyWest's argument, Ms. Vierya does allege that her disabilities prevented her from overnight travel and that her restrictions were based on her physician's recommendations.  Thus, the Court finds dismissal unwarranted on the basis set forth in SkyWest's Motion.

---

[15] ECF No. 43 at 8–9.
[16] Compl. ¶ 24, ECF No. 1.
[17] *Id.* ¶ 25.

Additionally, the Court notes the Tenth Circuit has indicated a plaintiff may initiate the interactive process regarding reassignment with much more modest allegations. *See Smith v. Midland Brake, Inc., a Div. of Echlin, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999) ("A request as straightforward as asking for continued employment is a sufficient request for accommodation"). Ms. Vierya's allegations appear to meet this generous standard.

Based on the foregoing, the Court denies SkyWest's Motion.

## ORDER

Having considered the parties' briefs and the relevant law, the Court DENIES SkyWest's Renewed Motion to Dismiss Complaint (ECF No. 43).

Dated this 1st day of July 2025.

By the Court:

Ann Marie McIff Allen
United States District Judge